Frederick C. Biehl, III
Brendan E. Ashe
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Attorneys for Plaintiff Shimon Braun*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHIMON BRAUN,<br><br>                Plaintiff,<br><br>v.<br><br>JOSHUA WEINFELD,<br><br>                Defendant. | Civil Action No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Shimon Braun ("Plaintiff"), by and through his undersigned attorneys, hereby alleges the following by way of complaint against Defendant Joshua Weinfeld ("Defendant"):

## NATURE AND BASIS OF THE ACTION

1. Plaintiff brings this action to hold Defendant liable for his breach of a January 22, 2025 Partnership Consolidation and Loan Settlement Agreement (the "Settlement Agreement").

2. Defendant materially breached this agreement by (i) failing to make required monthly payments; and (ii), when payments were made, failing to make payments in the amount required by the Settlement Agreement.

3. As a result, Plaintiff is forced to bring this action for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and declaratory judgment.

## PARTIES

4. Plaintiff Shimon Braun is resident of New York. He lives in Brooklyn.

5. Defendant Joshua Weinfeld is a resident of New Jersey. Upon information and belief, he resides at either 112 Clifton Road #89, Lakewood, NJ 08701 or 54 Gudz Road, Lakewood, NJ 08701.

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are of diverse citizenship and the amount in controversy exceeds $75,000.

7. For purposes of citizenship, Plaintiff is a citizen of New York.

8. For purposes of citizenship, Defendant is a citizen of New Jersey.

9. Plaintiff seeks to recover at least $729,506.43 in damages.

10. This Court has personal jurisdiction over Defendant because (a) Defendant resides within this District and (b) a significant portion of the acts or omissions giving rise to this declaratory action occurred in the State of New Jersey.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

12. On December 13, 2022, Plaintiff and Defendant entered into a partnership agreement.

13. According to the terms of this partnership agreement, Plaintiff agreed to provide investment capital to enable Defendant and his limited liability company, Sanative Health Group, LLC, develop rehabilitation centers.

14. In the three months preceding execution of the partnership agreement, Plaintiff provided Defendant with $90,000 for this purpose.

15. Under the terms of this partnership agreement, Plaintiff had the option to give up his partnership interest in the venture and convert all monies invested in the partnership to an interest bearing loan with interest accruing annually at a rate of 10%.

16. Plaintiff could not exercise this conversion option until fifteen months after the partnership agreement's signing date.

17. In September of 2024, twenty months after the partnership agreement's signing date, Plaintiff exercised his right to convert his partnership interest into a loan.[1]

18. Defendant thereafter failed to pay Plaintiff either principal or interest in accordance with the terms of the converted loan.

19. As a result, on January 22, 2025, Plaintiff and Defendant entered into the Partnership Consolidation and Loan Settlement Agreement (the "Settlement Agreement") that is the underlying basis for this lawsuit. A true and accurate copy of the Settlement Agreement is annexed to the complaint as **Exhibit A**.

20. Defendant agreed to pay Plaintiff $772,000 in the Settlement Agreement.

21. These payments were to be made in accordance with the following schedule:

    i. $50,000 on or before January 28, 2025;

    ii. $50,000 on or before February 6, 2025;

---

[1] The Settlement Agreement incorrectly states this occurred in September of 2023. This was the result of a scrivener's error.

ME1\59284434.v1

    iii. $25,000 a month, on or before the 6th of that month, from March 2025-April 2027, for a total of $650,000;

    iv. and; final payment of $22,000 on or before May 6, 2027.

22. Rather than pay the $100,000 required by February 6, 2025, Defendant paid $50,000.

23. On February 19, 2025, Defendant received a demand letter indicating he was in arrears by $50,000.

24. Defendant was warned in this letter that interest could be reimposed under the plain terms of the Settlement Agreement.

25. Defendant incorrectly responded that he had two years to make payments before interest could accrue.

26. Defendant subsequently made the March 2025 payment in full.

27. Defendant only paid $16,500 of the required $25,000 in April 2025, but then paid $33,000 in May of 2025.

28. Defendant paid as required in June, July, and August of 2025.

29. Defendant failed to make any payment in September of 2025.

30. Defendant has made no further payments as required by the Settlement Agreement.

31. Defendant received demand letters on November 21 and 24, 2025.

32. Defendant did not make payments in response to these letters.

33. Before the final September 2025 default, Defendant made a total of $199,500 in payments, leaving a principal balance of $572,500.

34. Pursuant to the Settlement Agreement, a default by Defendant triggers the reimposition of interest at an annual rate of 10%.

ME1\59284434.v1

35. Under this reimposition provision, interest will be deemed to have begun accruing in September of 2023 if Defendant defaults.

36. Defendant therefore owes $107,679.40 of accrued interest for the period running September 1, 2023 to January 22, 2025.

37. He owes $40,043.40 of accrued interest for the period running from January 23, 2025 to August 31, 2025.

38. And finally, as of October 30, 2025, he owes $9,283.63 of accrued interest for the period running from September 1, 2025 to October 30, 2025.

## COUNT I
## Breach of Contract

39. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of its complaint as if fully set forth herein.

40. Plaintiff and Defendant freely and mutually agreed to enter the January 22, 2025 Settlement Agreement.[2]

41. Plaintiff performed his obligation under the Settlement Agreement by refraining from suing Defendant for the entirety of his $772,000 investment in Defendant's business, and by waiving all interest payments on the $772,000 investment in Defendant's business.

42. In return, Plaintiff expected Defendant to make payments in accordance with the schedule set forth in the Settlement Agreement.

43. Defendant failed to make the full $100,000 January/February payment.

44. Defendant failed to make the full April 2025 payment.

---

[2] The Settlement Agreement contains a New York choice of law provision. District courts exercising their diversity jurisdiction apply the choice of law rules of the state in which they sit. *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022). New Jersey law generally enforces choice of law provisions if doing so does not violate public policy. *Curtiss-Wright Corp. v. Rodney Hunt Co.*, 1 F. Supp. 3d 277, 284 (D.N.J. 2014). The choice of law provision in this case does not violate public policy and New York law should therefore apply.

45. Defendant has continuously failed to make monthly payments, as required by the Settlement Agreement, since September of 2025.

46. Each of these failures constitutes a material breach of the Settlement Agreement.

47. Defendant's breach has caused Plaintiff to suffer damages in an amount of, at least, $729,506.43.

## COUNT II
## Breach of the Covenant of Good Faith and Fair Dealing

48. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of its complaint as if fully set forth herein.

49. "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance." *Cordero v. Transamerica Annuity Serv. Corp.*, 211 N.E.3d 663, 670 (N.Y. 2023) (internal quotation marks omitted). "This implied covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (internation quotation marks omitted).

50. Defendant's failure to pay under the Settlement Agreement in the amounts required has injured Plaintiff's ability to receive the fruits of the contract by depriving Plaintiff of the full amount of monetary renumeration he is entitled to under the Settlement Agreement.

## COUNT III
## Unjust Enrichment

51. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of its complaint as if fully set forth herein.

52. "[I]n order to sustain an unjust enrichment claim, [a] plaintiff must show that (1) the other party was enriched, (2) at [the plaintiff's] expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." *E.J. Brooks*

*Co. v. Cambridge Sec. Seals*, 105 N.E.3d 301 (N.Y. 2018) (first alteration added, remaining alterations in original, and internal quotation marks omitted).

53. Defendant was enriched through his retention of the $772,000 provided by Plaintiff.

54. Defendant was further enriched by Plaintiff's decision to waive interest on this sum in return for Defendant's agreement to abide by the Settlement Agreement.

55. This enrichment comes at Plaintiff's expense, as he has not been repaid the amount he lent Plaintiff and agreed to waive interest that he was otherwise lawfully entitled to.

56. Equity requires that Defendant not retain this money.

## COUNT IV
## Declaratory Judgment

57. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of its complaint as if fully set forth herein.

58. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).

59. Defendant's failure to make required payments under the Settlement Agreement violates the law of the State of New York.

60. Plaintiff seeks an order declaring Defendant in breach of the Settlement Agreement.

61. Plaintiff additionally seeks an order declaring that there is no further need to allow Defendant to attempt to cure his outstanding deficiencies, as Defendant has demonstrated a pattern of willfully failing to make required payments, rendering any attempt to cure futile.

62. For similar reasons, Plaintiff seeks an order requiring Defendant to pay the entire outstanding balance contemplated by the Settlement Agreement.

63. Finally, due to Defendant's violation of the Settlement Agreement, Plaintiff also seeks an order reimposing an interest rate of 10% per year on Defendant's outstanding balance.

64. Pursuant to the terms of the Settlement Agreement, this interest should be deemed to have begun accruing as of September 1, 2023.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shimon Braun respectfully demands judgment:

(1) Awarding at least $729,506.43 in damages;
(2) Awarding further damages in an amount to be determined at trial;
(3) Declaring that Defendant has breached the Settlement Agreement;
(4) Declaring that Plaintiff does not need to allow Defendant further time to cure his breach;
(5) Declaring that because of his breach and the futility of further efforts to cure, Defendant must now pay the entire outstanding balance contemplated by the Settlement Agreement;
(6) Declaring the reimposition of interest at a rate of 10% per year, backdated to September 1, 2023, because of Defendant's breach of the Settlement Agreement;
(7) All costs, disbursements, and attorneys' fees incurred in this action; and
(8) Any other relief this Court deems appropriate under the circumstances.

Dated: December 17, 2025        By: /s/ *Brendan E. Ashe*

Frederick C. Biehl, III
Brendan E. Ashe
**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Attorneys for Plaintiff*
*Shimon Braun*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel for Plaintiff certifies that to the best of his knowledge, information, and belief, the matter in controversy is not the subject of any other action or proceeding.

By: /s/ *Brendan E. Ashe*
Brendan E. Ashe

Dated: December 17, 2025

# Exhibit A

1

## PARTNERSHIP CONSOLIDATION AND LOAN SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made this 22nd day of January, 2025, by and between **Joshua Weinfeld** (hereinafter referred to as "Weinfeld") and Shimon Braun (hereinafter referred to as " Braun").

**WHEREAS**, on December 13, 2022, י"ט כסלו תשפ"ג, Weinfeld and Braun entered into a partnership agreement where Braun (who had previously advanced $90,000.00 in a series of transfers in October, November and December 2022 towards the partnership) would continue to provide the required investment capital to develop rehab center/s to be managed by Weinfeld; *Exhibit 'A'*.

**WHEREAS**, Braun subsequently invested a total of $772,000.00 in the partnership, via bank transfers wired to Weinfeld personally, and to Sanative Health Group, LLC., an entity formed by Weinfeld for the partnership. *Exhibit 'B'*

**WHEREAS**, under the terms of the agreement, Braun had the right, starting from 15 months after the date of the agreement, to give up his partnership interests and convert all of the monies invested thus far into the partnership into an interest-bearing loan accruing interest at 10%;

**WHEREAS**, some 20 months after the agreement was signed, in September of 2023, Braun exercised that right, and notified Weinfeld that he is relinquishing his partnership in said venture and thereby converting all of the monies invested thus far into an interest-bearing loan. Weinfeld has failed to repay Braun for any portion of his investment, the converted loan, or any of the interest due;

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

### 1. PAYMENT:

Weinfeld shall pay Braun the sum of $772,000.00 under the following payment plan:
- $50,000.00 on, or before January 28th, 2025.
- $50,000.00 on, or before February 6th 2025.
- Thereafter, monthly payments of $25,000.00 on, or before the 6th of every month for 26 months (March 2025 to April 2027) for a total of $650,000.00.
- A final payment of $22,000.00 on or before May 6th 2027.

**It is expressly agreed that should Weinfeld sell any of his interests in Sanative Health Group, LLC, and/or any of his interest in its 'rehab centers' prior to the full and complete repayment of Braun's outstanding balance, that Weinfeld will immediately direct said proceeds to Braun to repay his outstanding balance sooner.**

### 2. WAIVER OF INTEREST:

In consideration for this payment plan being honored, Braun agrees to waive any interest due to him that he is entitled to under the terms of the original agreement. (10% APR on all monies invested).

### 3. DEFAULT:

Should Weinfeld fail to repay as promised, interest will accrue from September 2023 on an outstanding-amount basis as per the original agreement.

2

This Agreement shall be binding upon and inure to the benefit of the parties, their successors, assigns and personal representatives. This Agreement shall be governed by and construed in accordance with the laws of the state of New York.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date first above written.

_____  
JOSHUA WEINFELD

_____  
SHIMON BRAUN

## NEW YORK STATE NOTARY ACKNOWLEDGMENT

THE STATE OF ~~NEW YORK~~ New Jersey COUNTY OF Ocean

On the 28th day of Jan in the year 2025 before me, the undersigned, personally appeared **JOSHUA WEINFELD** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____  
Notary Public - Signature

Print  Yitzchok Gluck

_____ (Seal)

YITZCHOK GLUCK  
NOTARY PUBLIC OF NEW JERSEY  
Commission # 50146318  
My Commission Expires 10/13/2025

THE STATE OF NEW YORK COUNTY OF _____

On the ____ day of _____ in the year ____ before me, the undersigned, personally appeared **SHIMON BRAUN** personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____  
Notary Public - Signature

Print _____

_____ (Seal)